# EXHIBIT A

SMITH MIRABELLA BLAKE, LLC.
BRIAN A. WALL, JR., ESQ.
I.D. #52592
100 North 20th Street, Suite 303
Philadelphia, PA 19102
(215) 422-4100
(215) 422-4101 (fax)

Attorney for Plaintiff

MAJOR CASE
JURY TRIAL IS HEREBY DEMANDED

Filed and Attested by the
Office of Judicial Records
11 MAR 2024 11:12 am
G. IMPERATO

| | |
|---|---|
| CASSANDRA MARSHALL<br>801 N. Gwynn Court<br>Bear, DE 19701<br>Plaintiff<br>v.<br><br>PROCTOR PROPERTIES, IV, LLC<br>608 S. Broadway<br>Camden, NJ 08105<br>and<br>ANJOLI TAYLOR<br>1336 Fawn Drive<br>Williamstown, NJ<br>And<br>AIRBNB, Inc.<br>888 Brannan Street<br>San Francisco, CA 94103<br>And<br>JOHN DOES, 1-5 FICTITIOUS<br>Defendants | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**TERM,**<br><br>**DOCKET No.:** |

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION SERVICE**
**ONE READING CENTER**
**PHILADELPHIA, PA 19107**
**TELEPHONE: (215) 238-6333**

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**
**ONE READING CENTER**
**FILADELFIA, PA 19107**
**TELÉFONO: (215) 238-6333**

SMITH MIRABELLA BLAKE, LLC.
BRIAN A. WALL, JR., ESQ.
I.D. #52592
100 North 20th Street, Suite 303
Philadelphia, PA 19102
(215) 422-4100
(215) 422-4101 (fax)

Attorney for Plaintiff

MAJOR CASE
JURY TRIAL IS HEREBY DEMANDED

| | |
|---|---|
| CASSANDRA MARSHALL<br>801 N. Gwynn Court<br>Bear, DE 19701<br>Plaintiff<br>v.<br><br>PROCTOR PROPERTIES, IV, LLC<br>608 S. Broadway<br>Camden, NJ 08105<br>and<br>ANJOLI TAYLOR<br>1336 Fawn Drive<br>Williamstown, NJ<br>And<br>AIRBNB, Inc.<br>888 Brannan Street<br>San Francisco, CA 94103<br>And<br>JOHN DOES, 1-5 FICTITIOUS<br>Defendants | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**TERM,**<br><br>**DOCKET No.:** |

**CIVIL ACTION COMPLAINT**

1. Plaintiff is an adult individual and citizen of the State of Delaware, residing therein at the above captioned address.

2. Defendant, Proctor Properties, IV, LLC was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of New Jersey with a principal place of business and corporate headquarters located therein at the above-captioned address with a registered agent, Troy Brady, listed at the same address.

3. Defendant, Anjoli Taylor is an adult individual and citizen of the State of New Jerey residing therein at the above captioned address.

4. Defendant, Airbnb, Inc. was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of California, with a principal place of business and corporate headquarters located therein at the above captioned address.

5. Defendants, John Does 1-5, Fictitious Defendant(s), upon information and belief, were business entities or individuals who owned, operated, controlled, leased, rented, inspected, possessed, managed, maintained and/or were responsible for keeping and maintaining the premises identified herein on the date of the plaintiff's accident, more specifically the common areas including staircase(s) located on the premises identified herein. Plaintiff avers that a reasonable search to determine the actual name of the John Doe defendant(s) has been conducted.

6. Venue is proper in Philadelphia County because of or more of the defendants regularly and continuously conduct(s) business in Philadelphia County and the accident occurred at the premises located at 1420 West Susquehanna Avenue, Philadelphia, PA 19121-1617.

7. At all times hereto, the defendants acted by and through their respective agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and by and through each other.

8. At all times material herein, the defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment, owned, operated, controlled, leased, rented, inspected, possessed, managed, and/or maintained a property located at 1420 West Susquehanna Avenue, Philadelphia, PA 19121-1617, including the interior staircase located on the premises.

9. On or about May 27, 2022, and for a long time prior thereto, it was the duty of the defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives to keep and maintain the aforesaid premises located at 1420 West Susquehanna Ave., Philadelphia, PA 19121-1617, including the interior staircase located on the premises, in a reasonably safe condition for persons lawfully upon the premises, such as plaintiff, Cassandra Marshall who was an invitee at the time of the accident described herein.

10. On or about May 27, 2022, plaintiff was lawfully on the aforesaid premises having rented and/or leased an apartment via AirBNB and was on the interior staircase that provides access to the apartment, when, suddenly and without warning, and as a result of a defective and/or dangerous condition of the premises, more specifically, unsecured riser(s) of the staircase located on the premises and Plaintiff slipped, tripped and/or fell, causing her to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

**COUNT I**

**NEGLIGENCE – PREMISES LIABILITY**
***CASSANDRA MARSHALL v. PROCTOR PROPERTIES, IV, LLC***

11. Plaintiff herein incorporates by reference the preceding paragraphs of the Complaint.

12. The incident described in the Complaint was caused by the negligence and carelessness of the defendant, Proctor Properties, IV, LLC, by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

a. Carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically, failing to adequately fasten and/or secure the staircase risers;



Case ID: 240301137

b. Carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the plaintiff;

c. Carelessly and negligently failing to recognize the inadequate and unsafe condition and/or lack of secured risers of the interior staircase which caused plaintiff's fall and to timely remedy same;

d. Carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the defendant's premises;

e. Failing to ensure the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the plaintiff;

f. Failing to adequately and timely repair defects to the aforesaid premises;

g. Failing to correct a dangerous and hazardous condition of which the defendant was actually aware or should have been aware;

h. Failing to warn people lawfully upon the defendant's premises, such as the plaintiff, of the aforesaid condition;

i. Failing to comply with the relevant provisions of the International Building Code and/or other applicable statutes, ordinances, industry standards and/or guidelines pertaining to guardrails and/or railings;

j. Otherwise failing to provide a safe place for persons lawfully upon the defendant's premises, such as the plaintiff, to travel;

k. Negligence by virtue of the doctrine of *respondeat superior*; and

l. Negligence by virtue of the doctrine of *res ipsa loquitor*.

13. Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

14. As a result of the aforesaid negligent of the Defendant, plaintiff suffered severe injuries, including, but not limited to, the shoulder including rotator cuff tear and impingement syndrome requiring surgery, knee(s) and hip(s), as well as aches, pains, mental anxiety and anguish, and a severe

shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

15. As a result of the aforesaid negligence of Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

16. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

17. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

18. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

19. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

20. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, some or all of which may continue in the future.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT II**

**NEGLIGENCE – PREMISES LIABILITY**
***CASSANDRA MARSHALL v. ANJOLI TAYLOR***

21. Plaintiff herein incorporates by reference the preceding paragraphs of the Complaint.

22. The incident described in the Complaint was caused by the negligence and carelessness of the Defendant, Anjoli Taylor, by and through her agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

a. Carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically, failing to adequately fasten and/or secure the staircase risers;

b. Carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the plaintiff;

c. Carelessly and negligently failing to recognize the inadequate and unsafe condition and/or lack of secured risers of the interior staircase which caused plaintiff's fall and to timely remedy same;

d. Carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the defendant's premises;

e. Failing to ensure the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the plaintiff;

f. Failing to adequately and timely repair defects to the aforesaid premises;

g. Failing to correct a dangerous and hazardous condition of which the defendant was actually aware or should have been aware;

h. Failing to warn people lawfully upon the defendant's premises, such as the plaintiff, of the aforesaid condition;

i. Failing to comply with the relevant provisions of the International Building Code and/or other applicable statutes, ordinances, industry standards and/or guidelines pertaining to guardrails and/or railings;

j. Otherwise failing to provide a safe place for persons lawfully upon the defendant's premises, such as the plaintiff, to travel;

k. Negligence by virtue of the doctrine of *respondeat superior*; and

l. Negligence by virtue of the doctrine of *res ipsa loquitor*.

23. Plaintiff, in no manner contributed to her injuries, which were the direct and proximate result of the defendant's own negligence and/or carelessness.

24. As a result of the aforesaid negligent of the defendant, plaintiff suffered severe injuries, including, but not limited to, the shoulder requiring surgery, knee and hip, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

25. As a result of the aforesaid negligence of defendant, plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

26. As a further result of the aforesaid accident, plaintiff, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

27. Further, by reason of the aforesaid occurrence, plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

28. As a further result of the aforesaid negligence of the defendant, plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

29. As a further result of the aforesaid accident, plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

30. As a further result of the aforesaid accident, plaintiff has suffered great and unremitting physical pain, suffering and mental anguish some or all of which may continue in the future.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant, Anjoli Taylor in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT III**
**NEGLIGENCE – PREMISES LIABILITY**
***CASSANDRA MARSHALL v. AIRBNB, INC.***

31. Plaintiff herein incorporates by reference the preceding paragraphs of the Complaint.

32. The incident described in the Complaint was caused by the negligence and carelessness of the Defendant, AirBnB, Inc., by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

a. Carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically, failing to adequately fasten and/or secure the staircase risers;

b. Carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third

parties, such as the plaintiff;

c. Carelessly and negligently failing to recognize the inadequate and unsafe condition and/or lack of secured risers of the interior staircase which caused plaintiff's fall and to timely remedy same;

d. Carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the defendant's premises;

e. Failing to ensure the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the plaintiff;

f. Failing to adequately and timely repair defects to the aforesaid premises;

g. Failing to correct a dangerous and hazardous condition of which the defendant was actually aware or should have been aware;

h. Failing to warn people lawfully upon the defendant's premises, such as the plaintiff, of the aforesaid condition;

i. Failing to comply with the relevant provisions of the International Building Code and/or other applicable statutes, ordinances, industry standards and/or guidelines pertaining to guardrails and/or railings;

j. Otherwise failing to provide a safe place for persons lawfully upon the defendant's premises, such as the plaintiff, to travel;

k. Negligence by virtue of the doctrine of *respondeat superior*; and

l. Negligence by virtue of the doctrine of *res ipsa loquitor*.

33. Plaintiff in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

34. As a result of the aforesaid negligent of the Defendant, plaintiff suffered severe injuries, including, but not limited to, the shoulder including rotator cuff tear and impingement syndrome requiring surgery, knee(s) and hip(s), as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain

and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

35. As a result of the aforesaid negligence of Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

36. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

37. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

38. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

39. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

40. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, some or all of which may continue in the future.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant, AirBnB, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT IV**
**NEGLIGENCE – PREMISES LIABILITY**
***CASSANDRA MARSHALL v. JOHN DOES 1-5, FICTITIOUS DEFENDNAT(S)***

41. Plaintiff herein incorporates by reference the preceding paragraphs of the Complaint.

42. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the defendant, John Does 1-5, Fictitious Defendant(s), by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

a. Carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the plaintiff, more specifically failing to adequately faster and/or secure the staircase risers;

b. Carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the plaintiff;

c. Carelessly and negligently failing to recognize the inadequate and/or lack of secured risers of the interior staircase which caused plaintiff's fall and to timely remedy same;

d. Carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the defendant's premises;

e. Failing to ensure the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the plaintiff;

f. Failing to adequately and timely repair defects to the aforesaid premises;

g. Failing to correct a dangerous and hazardous condition of which the defendant was actually aware or should have been aware;

h. Failing to warn people lawfully upon the defendant's premises, such as the plaintiff, of the aforesaid condition;

i. Failing to comply with the relevant provisions of the International Building Code and/or other applicable statutes, ordinances, industry standards and/or guidelines pertaining to guardrails and/or railings;

j. Otherwise failing to provide a safe place for persons lawfully upon the defendant's premises, such as the plaintiff, to travel;

k. Negligence by virtue of the doctrine of *respondeat superior*; and

l. Negligence by virtue of the doctrine of *res ipsa loquitor*.

43. Plaintiff, in no manner contributed to her injuries, which were the direct and proximate result of the defendant's own negligence and/or carelessness.

44. As a result of the aforesaid negligent of the defendant, plaintiff suffered severe injuries, including, but not limited to, the shoulder requiring surgery, knee and hip, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

45. As a result of the aforesaid negligence of defendant, plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

46. As a further result of the aforesaid accident, plaintiff, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.



Case ID: 240301137

47. Further, by reason of the aforesaid occurrence, plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

48. As a further result of the aforesaid negligence of the defendant, plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

49. As a further result of the aforesaid accident, plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

50. As a further result of the aforesaid accident, plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, some or all of which may continue in the future.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant, John Does 1-5, Fictitious Defendant(s) in an amount in excess of Fifty Thousand Dollars ($50,000.00).

SMITH MIRABELLA BLAKE

*Brian A. Wall, Jr.*

BY: ______________________________

BRIAN A. WALL, Jr.
Attorneys for Plaintiffs

**VERIFICATION**

I, CASSANDRA MARSHALL, Plaintiff in connection with the above-captioned matter, verifies that she is authorized to take this Verification and that the statements made in the Civil Action Complaint are true and correct to the best of his knowledge, information and belief; and that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Date: 3/5/2024

CASSANDRA MARSHALL